IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD L. DELEON AND MICHAEL JARAMILLO | § § § | |
| V. | § § § | CIVIL ACTION NO. 2:12-CV-00220 |
| DEFENSE TECHNOLOGY CORPORATION OF AMERICA, SAFARILAND, LLC, AND SAFARILAND GOVERNMENT SALES, INC. | § § § § § § | JURY |

## DEFENDANT SAFARILAND, L.L.C.'S INITIAL DISCLOSURES

To:   All parties by and through their Attorneys of Record

    Richard L. DeLeon and Michael Jaramillo
    c/o Robert C. Hilliard
    State Bar No. 09677700
    Federal ID No. 5912
    John Martinez
    State Bar No. 24010212
    Federal ID No. 23612
    Catherine Tobin
    State Bar No. 24013642
    Federal ID No. 25316
    Justin L. Williams
    State Bar No. 21555800
    Federal ID No. 331
    Rudy Gonzales, Jr.
    State Bar No. 08121700
    Federal ID No. 1896
    **HILLIARD MUNOZ GONZALES, LLP**
    719 S. Shoreline, Suite 500
    Corpus Christi, Texas 78411
    Telephone: (361) 882-1612
    Facsimile: (361) 882-3015

Safariland, L.L.C. ("Safariland") makes the following initial disclosures pursuant to the Federal Rules of Civil Procedure and the agreement of the parties. Safariland makes these initial disclosures based on its investigation and discovery to date and based on its understanding of Plaintiffs' claims as alleged in Plaintiffs' First Amended Complaint. Safariland does not represent that it is identifying every individual, document or tangible thing upon which it may rely to support its claims or defenses. Safariland expressly reserves the right to amend or supplement these disclosures as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Texas, Corpus Christi Division.

A. **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Safariland, L.L.C.
Custodian of Records and/or other personnel, including:
John Kapeles, Site Director, Operations and Engineering
Sandy Wall, Director of Training
Pam Marsh, ATF Coordinator, Less Lethal
Jim Morgan, Marketing Director, Less Lethal Products
c/o Darrell L. Barger
Darrell L. Barger (*Attorney-in-charge*)
**HARTLINE DACUS BARGER DREYER LLP**
800 N. Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401
Telephone: (361)866-8000
Facsimile: (361)866-8039

Richard DeLeon
Michael Jaramillo
c/o Robert C. Hilliard
**Hilliard Munoz Gonzales, LLP**
719 S. Shoreline, Suite 500
Corpus Christi, Texas 78411

Alice Police Department

      Custodian of Records and/or other personnel, including:
      Daniel Bueno, Police Chief
      Any officers and/or other employees/personnel who were eyewitnesses to the subject incident
      415 E. Main St.
      Alice, Texas 78332
      Defendant believes that the Alice Police Department may have relevant information and/or materials concerning both Plaintiffs and the product made the basis of this lawsuit.

      City of Alice, Texas
      Custodian of Records and/or other personnel, including:
      Ray De Los Santos, City Manager

In addition to the individual(s) specifically named above, Safariland generally identifies the following categories of individuals: (1) additional representative(s) from various departments within Safariland to address various issues that may arise during discovery and representatives from Safariland to address the manufacture of the subject product; (2) Any and all healthcare providers for Plaintiffs, including any EMS and Halo Flight personnel that treated either or both of Plaintiffs; (3) Plaintiffs' relatives, friends, associates, neighbors, employers, co-workers, physicians and other health care providers, pharmacists, and any other individuals with discoverable information relevant to this case, including those who may have information regarding Plaintiffs' medical, occupational, family, and lifestyle histories; (4) other persons identified in Plaintiffs' Rule 26 Initial Disclosures; (5) all persons named or referred to in discovery; and (6) the parties to this litigation and their respective personnel and/or custodians of records.

It is not reasonably possible for Safariland to identify with specificity every individual likely to have "discoverable information" that Safariland may use to support its claims or defenses at this time. Since discovery has just begun, Safariland does not know the full nature and extent of Plaintiffs' claims against it, other than what is alleged in Plaintiffs' most recent Complaint. By providing the information above in good faith, Safariland does not represent that

the list identifies all individuals who may have personal knowledge as contemplated pursuant to Rule 26(a)(1)(A)(i). Safariland reserves the right to supplement and/or modify these disclosures and to introduce additional information in connection with any motion, hearing or trial as discovery proceeds.

B.  **A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Safariland lists below the categories of documents and information of which Safariland, at this early stage, is aware:

1. Documents or materials constituting or relating to specifications for the product at issue.

2. Training materials regarding use of the product at issue.

3. Documents and/or reports related to safety and/or performance of the product at issue.

4. Photographs depicting product at issue and/or its components.

5. Medical records of Plaintiffs

6. Pharmacy records for Plaintiffs

7. Educational records for Plaintiffs

8. Employment records for Plaintiffs

9. Financial records of Plaintiffs

10. Journals, datebooks, diaries or other documents relating to Plaintiffs' claims, diagnoses, treatment, prognosis, activities, appointments and damages.

11. Any records of Plaintiffs not specifically referenced above.

12. Curriculum Vitae of experts and rebuttal experts.

13. Reports of experts and rebuttal experts.

14. All depositions taken in this action.

15. All documents produced in this action.

16. All videotapes of depositions taken in this action.

17. All interrogatory answers served in this action by Plaintiffs.

18. All responses to any discovery requests served in this action by any party.

19. All exhibits relied upon by any expert witness.

20. Any exhibits listed on Plaintiffs' exhibit list.

21. Demonstrative aids and exhibits.

22. All rebuttal and impeachment exhibits.

Safariland identifies the foregoing categories of documents without waiving its right to supplement, modify, or delete said categories.

Plaintiffs' First Amended Complaint makes numerous claims concerning Safariland's alleged activities. This fact, combined with the fact that discovery in this case has just begun and Safariland's investigation is in its initial stages, makes it impossible for Safariland to comprehensively identify all documents which may contain information relevant to the disputed facts alleged in the pleadings. Safariland anticipates that additional documents, electronically stored information and tangible things will be identified as discovery progresses, and Safariland expressly reserves the right to supplement these disclosures and to introduce additional information in connection with any motion, hearing or trial as discovery proceeds.

C. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Safariland does not allege that it suffered any damages as a result of any acts or omissions by Plaintiffs or any other party to this litigation. Plaintiffs have the burden of proving damages in this case; Safariland disputes liability and, to the extent that it is necessary and appropriate, will contest Plaintiffs' damage claims. Safariland may seek attorney's fees and costs.

D.  **For inspection and copying under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Please see insurance policy attached hereto as Exhibit "A".

Respectfully submitted,

**HARTLINE DACUS BARGER DREYER LLP**

*/s/ Darrell L. Barger*_____
Darrell L. Barger (*Attorney-in-charge*)
Texas State Bar No. 01733800
Southern District Bar No. 646
J. Reid Simpson
Texas State Bar No. 24072343
Southern District Bar No. 1259919
800 N. Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401
Telephone: (361)866-8000
Facsimile: (361)866-8039

**ATTORNEYS FOR SAFARILAND, L.L.C.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 10th day of October, 2012.

                                            */s/ Darrell L. Barger*
                                            Darrell L. Barger