**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RICHARD L. DELEON AND MICHAEL JARAMILLO,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:12-CV-00220** |
| | § | |
| | § | |
| **SAFARILAND, LLC,** | § | |
| | § | |
| *Defendant*. | § | **DEMAND FOR JURY TRIAL** |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW Plaintiffs RICHARD L. DELEON and MICHAEL JARAMILLO (hereinafter collectively referred to as "Plaintiffs"), and files their Plaintiffs' Second Amended Complaint against Defendant SAFARILAND, LLC, (hereinafter collectively referred to as "Defendant").

**I.**
**PARTIES**

1.      Plaintiff, Richard L. DeLeon, is a resident of Alice, Jim Wells County, Texas.  Plaintiff is a citizen of the State of Texas.

2.      Plaintiff, Michael Jaramillo, is a resident of Alice, Jim Wells County, Texas. Plaintiff is a citizen of the State of Texas.

3.      Plaintiff's First Amended Complaint (Document No. 2), filed on July 5, 2012, additionally named DEFENSE TECHNOLOGY CORPORATION OF AMERICA and SAFARILAND GOVERNMENT SALES, INC. as Defendants to this suit.

4.      Defendant, SAFARILAND, LLC, is a Delaware corporation with its principal place of business in Jacksonville, Natrona County, Florida.  Defendant was served through its registered agent, CT Corporation Systems, at 350 N. Saint Paul

Street, Dallas, Texas 75201 in accordance with the FEDERAL RULES OF CIVIL PROCEDURE. At all relevant times hereto, Defendant, SAFARILAND, LLC, was licensed to conduct business activity in Texas and conducted substantial business activity in Texas as it relates to the allegations set forth in Plaintiffs' Complaint.

5.     Plaintiffs have learned that Defendants, DEFENSE TECHNOLOGY CORPORATION OF AMERICA ("DTCA") and SAFARILAND GOVERNMENT SALES, INC., merged with Defendant, SAFARILAND, LLC, in 2009.  Herewith, Defendants are referred to as SAFARILAND, LLC, (Defendant).

## II.
## JURIDICTION AND VENUE

6.     This Court has jurisdiction of this action under 28 U.S.C. §1332(a) because the Plaintiffs and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.  Defendant conducts a substantial amount of business within the State of Texas and has sufficient minimum contacts with the State of Texas through their dealers, distributors and sales representatives.   Defendant's products, including the product in question, were marketed and sold to the Alice Police Department for the purpose of being used by the Plaintiffs.

7.     Venue is proper in the Southern District of Texas, Corpus Christi Division, because a substantial part of the events or omissions giving rise to the claim occurred or took place in this District.  28 U.S.C.A. §1391.

## III.
## FACTUAL ALLEGATIONS

8.     This is a civil action against the Defendant for the design, manufacture, distribution and/or sales of certain defective handheld "distraction" or "flashbang"

devices, in particular Def Tec model #25 (referred to as "flashbang"), used for police tactical purposes to distract or disorient desired human targets.   The devices are defective in that they suddenly and unintentionally detonate and explode.

9.      Defendant conducts a substantial amount of business within the State of Texas and has sufficient minimum contacts with the State of Texas.

10.      Richard L. DeLeon, Plaintiff, is a police officer employed by the Alice, Texas Police Department.

11.      Michael Jaramillo, Plaintiff, is a police officer employed by the Alice, Texas Police Department.

12.      On March 8, 2011, Mr. DeLeon and Mr. Jaramillo were preparing to raid a house with some other officers.   While standing next to a police cruiser at the police station, Mr. DeLeon was holding a Def Tec #25 flashbang device, without pulling the pin or taking any other action to activate the device it suddenly, and without warning, the device exploded in his hand.   Mr. DeLeon suffered serious injuries as a result of the explosion and was taken by halo-flight to a hospital.

13.      The explosion dismembered one of Mr. DeLeon's fingers, sent a fireball at his face, singed his hair and skin, impaired his hearing in both of his ears and ruptured an existing hernia.

14.      In addition to physical injuries, Mr. DeLeon has suffered emotional trauma as a result of the life threatening experience.

15.      Mr. Jaramillo was standing next to the police cruiser when the flashbang exploded without warning.   Mr. Jaramillo's hearing was seriously impaired as a result of the explosion.

**IV.**
**CONDITIONS PRECEDENT**

16.     All conditions precedent has been performed or has occurred.

**V.**
**NEGLIGENCE**

17.     Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein.

18.     Defendant had a duty to provide a safe product in design and manufacture and/or to warn the Plaintiffs of the defective nature of Defendant's flashbang. Defendant breached their duty of reasonable care to Plaintiffs by incorporating a defect into the design of the flashbang and by concealing that defect.

19.     Defendant breached their duty of reasonable care to Plaintiffs by manufacturing and assembling flashbangs in such a manner that they were prone to detonate and expose Plaintiffs to physical trauma.

20.     Defendant breached their duty of reasonable care to Plaintiffs by failing to notify them at the earliest possible date of known design defects in the flashbang.

21.     Defendant breached their duty of reasonable care to Plaintiffs by failing to exercise due care under the circumstances.

22.     As a direct and proximate result of the carelessness and negligence of Defendant, as set forth in the preceding paragraphs, Plaintiffs have sustained and will continue to sustain severe physical injuries, hearing impairment, severe emotional distress, economic losses and other damages.

**VI.**
**FRAUD**

23.     Defendant misrepresented that the flashbangs were safe for ordinary handling.

24.     In representations to Plaintiffs, Defendant fraudulently concealed the following material information:  (a) Defendant knew of problems with their flashbangs; and (b) that Defendant's flashbangs were defective and that they were prone to malfunction and/or detonate without having the pin pulled or being activated, which would cause injury.

25.     Defendant was under a duty to disclose to Plaintiffs the defective nature of their flashbangs.  Defendant had full knowledge and access to material facts concerning the defective nature of the product and the propensity of the flashbangs to malfunction, unexpectedly detonate and hence, cause damage to those who might ordinarily handle a flashbang.

26.     Defendant intentionally, knowingly, or recklessly misrepresented that the flashbangs were safe for ordinary handling and intended use.  Defendant knew that the flashbangs could cause serious injury.

27.     Defendant's misrepresentations and omissions were made purposefully, willfully, wantonly, and/or recklessly, in order to induce Plaintiffs and others like him to purchase Defendant's flashbangs and use the devices, and the Plaintiffs did reasonably rely upon the misrepresentations and omissions made by the Defendant about the flashbangs when using and handling them.

28.     Defendant knew that Plaintiffs had no way to determine that the Defendant's representations about the flashbangs were false and misleading, and that they included material omissions.

29.     By reason of his reasonable and unavoidable reliance on Defendant's misrepresentations and omissions, Plaintiffs have sustained and will continue to sustain severe physical injuries, severe emotional distress, economic losses and other

damages.  Defendant's conduct alleged above also warrants the imposition of punitive damages against Defendant.

## VII.
## FRAUD BY NON-DISCLOSURE

30.     Defendants failed to disclose that the flashbangs are not safe for ordinary handling and may unexpectedly and unintentionally detonate.

31.     In representations to Plaintiffs, Defendant fraudulently concealed the following material information:  (a) Defendant knew of problems with their flashbangs; and (b) that Defendant's flashbangs were defective, and that they were prone to malfunction and/or detonate without having the pin pulled or being activated, which would cause injury.

32.     Defendant was under a duty to disclose to Plaintiffs the defective nature of their flashbangs.  Defendant had full knowledge and access to material facts concerning the defective nature of the product and the propensity of the flashbangs to malfunction, unexpectedly detonate and hence, cause damage to those who might ordinarily handle a flashbang.

33.     Defendants knew that Plaintiffs had no way to determine that the Defendants' flashbangs were defective and dangerous.   Nevertheless, Defendants failed to disclose information and defects about the flashbangs, and that they included material omissions.

34.     Defendant intentionally, knowingly, or recklessly concealed from and/or failed to disclose that the flashbangs were safe for ordinary handling and intended use when Defendant had a duty to speak.  Defendant knew that the flashbangs could cause serious injury.

35.     Defendant's omissions were made purposefully, willfully, wantonly, or recklessly, in order to induce Plaintiffs and others like them to purchase Defendant's flashbangs and use the devices, and the Plaintiffs did reasonably rely upon the omissions made by the Defendant about the flashbangs when using and handling them.

36.     By reason of his reasonable and unavoidable reliance on Defendant's omissions, Plaintiffs have sustained and will continue to sustain severe physical injuries, severe emotional distress, economic losses and other damages.  Defendant's conduct alleged above also warrants the imposition of punitive damages against Defendant.

**VIII.**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY,**
**TEX. BUS. & COMM. CODE § 2.313**

37.     At all times herein mentioned, Defendant impliedly warranted that flashbangs were not unreasonably dangerous and were safe when used as designed by Defendant.

38.     Defendant breached their implied warranty of merchantability as the flashbang product was not safe for its expected use and was not merchantable.

39.     As a legal result of said breach of the implied warranties, Plaintiffs have been injured in an amount to be proven at trial.  Plaintiffs have sustained damages, including medical expenses, physical pain and mental anguish in the past and future, physical impairments, loss of hearing, attorneys' fees and punitive damages.

**IX.**
**BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR**
**PURPOSE BY TEX. BUS. & COMM. CODE § 2.315**

40.     The Defendant is in the business of designing and manufacturing distraction and flashbang devices and have sold the flashbang product for a number of years knowing that the flashbangs would be used by the users, such as Plaintiffs, for a

particular purpose, including police activity, and that the buyers were relying on the Defendant's skill and judgment to select or furnish suitable goods.

41.    Defendant impliedly warranted to purchasers of the product and Plaintiffs that the product was safe for their particular use and purpose.

42.    Defendant breached their implied warranty and the product was not safe for its intended particular use and was not merchantable.

43.    As a legal result of said breach of the implied warranties, Plaintiffs have been injured in an amount to be proven at trial.   Plaintiffs have sustained damages including medical expenses, physical pain and mental anguish in the past and future, physical impairments, loss of hearing, attorneys' fees, and punitive damages.

## X.
## DAMAGES

44.    As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

a.  Medical expenses in the past and future.

b.  Property damage.

c.  Physical pain and mental anguish in the past and future.

d.  Disfigurement in the past and future.

e.  Physical impairment in the past and future.

f.  Loss of consortium in the past and future.

g.  Loss of household services in the past and future.

h.  Lost earnings.

i.  Loss of earning capacity.

## XI.
## ATTORNEYS' FEES & COSTS

45.    Plaintiffs are entitled to an award of attorney fees and costs under 28 U.S.C. § 2412.

## XII.
## PRAYER FOR RELIEF

46.    For these reasons, Plaintiffs ask for judgment against Defendant for the following:

    a.  Actual damages in an amount to exceed $75,000.00;

    b.  Prejudgment and postjudgment interest;

    c.  Costs of suit;

    d.  Punitive damages, as allowed under Texas law; and

    e.  All other relief the Court deems appropriate.

## XIII.
## DEMAND FOR JURY TRIAL

47.    Plaintiffs hereby assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with FEDERAL RULE OF CIVIL PROCEDURE 38, a trial by jury on all issues.

Respectfully submitted,

By: */s/ Robert C. Hilliard*

Robert C. Hilliard
State Bar No. 09677700
Federal ID No. 5912
HILLIARD MUNOZ GONZALES, LLP
719 S. Shoreline, Suite 500
Corpus Christi, Texas 78411
Email: bobh@hmglawfirm.com
Telephone: 361.882.1612
Facsimile: 361.882.3015

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

John Martinez
State Bar No. 24010212
Federal ID No. 23612
Catherine D. Tobin
State Bar No. 24013642
Federal ID No. 25316
Rudy Gonzales, Jr.
State Bar No. 08121700
Federal ID No. 1896
Marion M. Reilly
State Bar No. 24079195
Mariana Garza
State Bar No. 24075470
Chris Pinedo, *Of Counsel*
State Bar No. 00788935
Federal ID No. 17993

**HILLIARD MUNOZ GONZALES, LLP**
719 S. Shoreline, Suite 500
Corpus Christi, Texas 78411
Telephone: 361.882.1612
Facsimile: 361.882.3015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument, *Plaintiffs' Second Amended Complaint,* has been forwarded to the following counsel of record, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, on this the 2nd day of April 2013.

Darrell L. Barger – ***Via Facsimile 361.866.8039***
J. Reid Simpson
HARTLINE DACUS BARGER DREYER, LLP
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2000
North Tower
Corpus Christi, Texas 78401

                                        */s/ Robert C. Hilliard*
                                         ROBERT C. HILLIARD